UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA NASH-MILTON,

       Plaintiff,

v.                                                  CASE NO. 8:10-CV-1529-T-33MAP

VERNA R. MOSTAD-SAWYER, *et al.*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

       Initially, Plaintiff, proceeding *pro se*, filed an incoherent complaint against multiple defendants. *See* doc. 1. The Court deferred ruling on Plaintiff's application to proceed without prepayment of fees and affidavit pursuant to 28 U.S.C. § 1915 and allowed Plaintiff 30 days to amend her complaint to include a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing she is entitled to relief, and a demand for judgment for the relief she seeks (docs. 2, 6). *See* Fed. R. Civ. P. 8(a). Subsequently, Plaintiff filed her amended complaint (doc. 10).

       Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii); *see* Local Rule 4.07, Middle District of Florida ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may

enter such other orders as shall seem appropriate to the pendency of the cause . . . ."). Although the court will hold *pro se* pleadings to a less stringent standard and construe the complaint more liberally, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

In her amended complaint, Plaintiff "sets forth a quasi, In Rem action in the nature of a Libel of Review, as well as Claims for monetary damages and injunctive relief." According to Plaintiff, she entered into a written agreement to purchase a vehicle with an automobile dealership for a selling price of $23,322.28, provided $2,000 in consideration for the purchase, has made significant repairs and maintenance to the vehicle, and subsequently received a bill from Wells Fargo Auto Finance even though she contends there was no assignment clause in the written agreement with the automobile dealership. She claims that in 2008 she began proceedings identified as "the Administrative Notary Certificate of Default Method to establish certain facts relative for and on the record" and cites to provisions of the Florida Statutes, Uniform Commercial Code and Administrative Procedure Act as authority for exhausting her "due process administrative remedies." In the end, Plaintiff requests "the Judge in his 'ministerial capacity' to review the procedure, the times of notice and my service of notices by me and the notary so that I can obtain a court order for enforcement and damages." Basically, as currently pled, the amended complaint lacks sufficient facts from which a cognizable cause of action can be inferred, makes disjointed and confusing

allegations, and is generally incoherent. As evidenced by the allegations set forth in the amended complaint, it does not appear that Plaintiff would state a valid federal claim to relief that is plausible on its face if given another opportunity to amend her deficient complaint. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* be DENIED.

2. Plaintiff's amended complaint be dismissed and the case closed.

IT IS SO REPORTED at Tampa, Florida on August 20, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Virginia M. Hernandez Covington
    Plaintiff, *pro se*